IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEVION MOSELEY, <br><br> Plaintiff, <br><br> v. <br><br> DOC, <br><br> Defendant. | Civil Action No.: 24-cv-3119-LKG <br><br> Dated: December 3, 2024 |

### MEMORANDUM OPINION

Plaintiff Kevion Moseley has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. In addition, the Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and to dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The pleadings of self-represented litigants are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff alleges that on April 8, 2024, he was transported to a hospital in Hagerstown, Maryland by unidentified Division of Correction staff. On his way back to his place of incarceration the van was involved in an accident. ECF No. 1 at 3. He names as the sole Defendant "DOC". ECF No. 1 at 1.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). This court may consider State law claims under its diversity jurisdiction, which applies "where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). All of the parties named here are Maryland citizens thus defeating diversity jurisdiction. This court may also consider a pendent State law claim where a federal claim is also asserted.[1] To the extent that Plaintiff implies that the actions described are a violation of his constitutional rights, the claims are deficient.

Plaintiff seeks to be compensated for his pain and suffering. But, he does not assert a civil rights violation. Rather, he claims he was involved in a car accident. ECF No. 1 at 2. Plaintiff's claims are insufficient to state a claim under the Eighth Amendment. He has alleged only that the driver of the van was negligent, which is not an assertion of a federal constitutional or statutory right.

Further, to the extent Plaintiff raises a claim against the Division of Corrections, a state agency, his claim is barred by the doctrine of sovereign immunity. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless the state consents to same. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* (citing *Florida Dep't of Health v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981) (*per curiam*)). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). The claim raised against "DOC," an agency of the State of Maryland must therefore be dismissed.

Furthermore, the alleged conduct does not amount to a federal claim. At best, the Complaint asserts a claim of negligence. Such claims arise under Maryland law and may not be brought in this court in the absence of diversity jurisdiction which, as noted, is not apparent on the face of the Complaint.

---

[1] "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966)).

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, 590 U.S.___, 140 S.Ct. 1721, 1724 (2020); *see also* 28 U.S.C. § 1915(g), *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

This case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because the case cannot proceed, Plaintiff's request for appointment of counsel (ECF No. 4) is denied. A separate Order follows.

_____
LYDIA KAY GRIGGSBY
United States District Judge